UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KAMALJOT SINGH DHILLON,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, ET AL,<br><br>Respondents. | Case No. 5:26-cv-06465-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## PROCEEDINGS

On October 30, 2026, petitioner Kamaljot Singh Dhillon ("Petitioner"), represented by counsel, filed a Verified Petition for Writ of Habeas Corpus by a Person in Immigration Custody pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), accompanied by six supporting exhibits (Docket No. 1-1). The Petition alleges the following claims for relief: (1) Petitioner's detention violates his right to procedural due process under the Fifth Amendment; (2) Petitioner's detention is contrary to governing statutes and regulations; (3) Petitioner's unlawful arrest violated the Fourth Amendment and the Immigration and Nationality Act ("INA");

and (4) Petitioner's detention violates his right to substantive due process under the Fifth Amendment. (Docket No. 1 at 8-9).[1] The Petition seeks Petitioner's immediate release from detention. (Id. at 10).

Pursuant to the General Order 26-05 and Briefing Schedule (Docket No. 3), Respondent was to enter his appearance no later than November 5, 2026, and was to file an Answer to the Petition on or before November 9, 2026. However, Respondent failed to appear and has not filed an Answer or otherwise responded to the Petition.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court recommends that the Petition be granted.

## II.

## RELEVANT BACKGROUND[2]

On June 5, 2023, Border Patrol encountered Petitioner near Lukeville, Arizona, after he entered the United States without inspection. (Petition at ¶ 20). The agency's Form I-213 states that officers arrested him at approximately 7:29 a.m. that day. (Id.; Docket No. 1-1 at 12-14).

On June 6, 2023, Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA") placing him in removal proceedings under 8 U.S.C. § 1229(a). (Petition at ¶ 21). The NTA classified him as an alien present in the United States who had not been admitted or paroled, not as an arriving alien, and charged inadmissibility only under 8 U.S.C. § 1182(a)(6)(A)(i). (Id.; Docket No. 1-1 at 6-8).

Also on June 6, 2023, DHS issued a Notice of Custody Determination expressly invoking section 236 of the INA and advising Petitioner that he could seek immigration-judge review. (Petition at ¶ 22; Docket No. 1-1 at 10).

---

[1] Citation to the pleadings shall refer to the Court's CM/ECF pagination at the top of each page.

[2] The Background is taken from the Petition.

The Form I-200 in the packet was signed on June 6, 2023, after the I-213 says Petitioner had already been arrested on June 5, 2023. (Petition at ¶ 23). Its certificate states that it was served on June 6, 2023. (Id.; Docket No. 1-1 at 12-14, 16).

DHS's records report no known criminal history. (Petition at ¶ 24). They also record Petitioner's fear of political persecution or torture in India and referral to an asylum officer. (Id.; Docket No. 1-1 at 12-14).

DHS later released Petitioner from its initial custody. (Petition at ¶ 25). On information and belief, the release was on Petitioner's own recognizance or comparable conditions of immigration supervision. (Id.). Respondents possess the operative release record. (Id.).

Petitioner lived in Southern California at liberty for more than three years. (Id. at ¶ 26). He applied for asylum, withholding of removal, and protection under the Convention Against Torture, maintained ties to the community, and complied with immigration supervision. (Id.).

After an immigration judge denied a motion to reopen, Petitioner filed an appeal with the Board of Immigration Appeals. (Id. at ¶ 27). The BIA acknowledged receipt on July 10, 2024. (Id.; Docket No. 1-1 at 18-20). Counsel's intake information reports that the appeal remains pending. (Petition at ¶ 27).

The present packet does not include the underlying removal order, the immigration judge's motion ruling, a DHS order of supervision, or a current custody determination. (Id. at ¶ 28). Respondents possess the records that identify the detention authority they now invoke. (Id.).

On October 23, 2026, Petitioner voluntarily appeared for his scheduled Immigration and Customs Enforcement ("ICE") appointment in Santa Ana. (Id. at ¶ 29). His appearance demonstrated compliance and negated any claim that he was likely to escape before a warrant could be obtained. (Id.).

/ / /

ICE officers nevertheless arrested Petitioner and transported him to Adelanto. (Id. at ¶ 30). The public detainee locator confirms his present confinement. (Id.; Docket No. 1-1 at 4).

Before the arrest, DHS did not give Petitioner advance notice that it intended to revoke his release, identify a violated condition or changed circumstance, or provide an opportunity to respond before a neutral decisionmaker. (Petition at ¶ 31).

At or after the arrest, DHS did not provide counsel with a completed release revocation, a new custody determination, a warrant issued for the 2026 arrest, contemporaneous reasons for detention, or notice of a constitutionally adequate hearing. (Id. at ¶ 32).

Petitioner has no known criminal arrests, charges, or convictions and no known release violation. (Id. at ¶ 33). Respondents have identified no mandatory-detention predicate, present danger, flight risk, or material change in circumstances. (Id.).

Petitioner remains detained. (Id. at ¶ 34). Each day of confinement deprives him of bodily liberty, separates him from his support network, prevents him from working, and impairs his ability to assist counsel in his immigration case. (Id.).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the

legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised a claim under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (internal quotation marks omitted); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.") (internal quotation marks omitted). To determine whether detention

violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention"). Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

## IV.

## DISCUSSION

### A. **Habeas Relief is Warranted.**

As noted, Respondents have elected not to appear in this action, despite the Court's order to do so.

Federal courts must decide cases based on the arguments the parties present. See United States v. Sineneng-Smith, 590 U.S. 371, 375–76 (2020); Greenlaw v. United States, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to

frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Sineneng-Smith, 590 U.S. at 375 (2020) (cleaned up). The Supreme Court has reminded the lower courts that they are "essentially passive instruments of government" who must adhere to the narrow questions raised by the parties. Margolin v. Nat'l Assoc. of Immigration Judges, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Petitioner raises, inter alia, a claim that his detention is in violation of 8 U.S.C. § 1226(a) as well as his right to due process under the Fifth Amendment and that the proper remedy is his release from custody. (Docket No. 1 at 8-11). Similar claims have been found to be a basis for habeas relief by numerous courts in this District, including this one. See, e.g., Luz Maria Medrano Barco v. Fereti Semaia, et al, No. 5:26-cv-05970-DTB (Order Granting Petition for Writ of Habeas Corpus) (C.D. Cal. October 16, 2026).

Respondents elected not respond to the Petition and to Petitioner's claims, including his procedural due process claim. Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis to reject his claim. Their failure to do so constitutes a forfeiture of the arguments they could have made in support of their position. See Martinez v. Sessions, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); Am. Int'l Enters., Inc. v. F.D.I.C., 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to search for a reason on their behalf - indeed, the party presentation principle requires the court to refrain from doing so. Sineneng-Smith, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties

represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted by Respondents. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought. See, e.g., Barajas-Bautista v. Warden, Desert View Annex, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); Soleimani v. Larose, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); N-E-M-B v. Wamsley, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Accordingly, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner to be released.

/ / /

/ / /

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner Kamaljot Singh Dhillon (A# 241-399-580), from custody, subject to the same conditions (if any) that Petitioner was subject to at the time he was arrested and detained, and return all property confiscated from him during his arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: November 10, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE